IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARIO ALBERTO GUERRERO-MARTINEZ, §
§
Petitioner,                              §
§
v.                                       §          Civil Action No. 4:14-CV-133-O
§
RODNEY W. CHANDLER, Warden,              §
FCI-Fort Worth,                          §
§
Respondent.                     §

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by

Petitioner, Mario Alberto Guerrero-Martinez, a federal prisoner confined at the Federal Correctional

Institution in Fort Worth, Texas (FCI-Fort Worth), against Rodney W. Chandler, warden of FCI-Fort

Worth, Respondent.  After considering the pleadings and relief sought by Petitioner, the Court has

concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## I.  BACKGROUND

The record shows that Petitioner is serving a total term of 195 months' imprisonment for his

2009 convictions in the United States District Court for the Northern District of Georgia for

conspiracy to possess at least five kilograms of cocaine hydrochloride and 500 grams of

methamphetamine with the intent to distribute and possession of a firearm during a drug trafficking

offense.  Resp't's App. 14-15, ECF No. 11.  Petitioner did not appeal his convictions or sentences

and has not filed a § 2255 motion in the convicting court.  Criminal Docket Sheet, United States v.

Guerrero-Martinez, 1-07-cr-00279-CAP-GGB-2.   In this § 2241 petition, Petitioner raises the

following ground for relief:

Petitioner did not understand the plea agreement he entered. Petitioner does not speak English and was not afforded an interpreter at critical stages of his judiciary process. A plea of Guilty is constitutionally [sic] only to the extent it is voluntary and intelligent. I did not understand the English language and the terms of the plea, specifically that the firearms charge was to run consecutive to the drug charge. An adequate understanding of the English language is a threshold requirement to insure the plea is voluntary. There were numerous visits made by my attorney to me without an interpreter and I did not understand the terms of the plea agreement. I was told to go along with the Court's questioning and I would receive mercy from the court.

Amended Pet. 5, ECF No. 7.

## II. DISCUSSION

Respondent asserts the petition should be dismissed for lack of jurisdiction. Resp't's Resp. 1-4, ECF No. 10. As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause claim, it is clear that he cannot meet these requirements from the face of the petition.   Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize his conduct, nor was his claim foreclosed at the time of his trial, appeal or an initial § 2255 motion.   Therefore, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences.   A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255.   *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)).   The fact that procedural barriers may prevent Petitioner from filing a future § 2255 motion does not change this result.   *Pack,* 218 F.3d at 453 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).   Because any challenge to Petitioner's convictions or sentences does not fall within the savings clause of § 2255(e), his claim is not cognizable in a § 2241 petition.

## III.  CONCLUSION

For the reasons discussed herein, this petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241 is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** on this 4th day of March, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3